WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

CASE NO.: 19-04319MJ-001-PCT-CDB

UNITED STATES OF AMERICA v. **BRADLEY EDWARD SUMMERS**

**VIOLATION(S) PLEADING GUILTY TO:**
**Count 1 of the Information:** Reckless Driving in a Park Area, in violation of 36 C.F.R. §§ 1.3 & 4.2(b) and A.R.S. § 28-693(A), a Class B misdemeanor.
**Count 2 of the Information:** Failure to Wear Seatbelt in a Park Area, in violation of 36 C.F.R. §§ 1.3 & 4.15(a), a Class B misdemeanor.

MAXIMUM FINE (36 C.F.R. § 1.3(a)): $5,000.00 per citation
MAXIMUM IMPRISONMENT (36 C.F.R. § 1.3(a)): Six months per citation
MAXIMUM PROBATION (18 U.S.C. § 3561): Five years
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00 per citation

**RULE 11(c)(1)(C), Fed. R. Crim. P., STIPULATED SENTENCE:**
**Count 1 of the Information:** The defendant shall be sentenced to a term of imprisonment of time served plus 24 hours. Fine, in addition to the mandatory special assessment of $10.00, in the amount of $500.00.
**Count 2 of the Information:** The defendant shall be sentenced to one year of probation. Whether the probation is supervised or unsupervised shall be in the Court's discretion. In addition to any terms of probation that the Court deems appropriate, the defendant's probation shall include the following special conditions: (1) the defendant shall successfully complete a substance abuse evaluation/treatment program(s) at the direction of the Probation Office; (2) the defendant shall not purchase, possess, or consume any alcoholic beverages during the term of his probation; and (3) the defendant shall comply with any driver's license restrictions/conditions imposed by the defendant's licensing state. Fine, in addition to the mandatory special assessment of $10.00, in the discretion of the Court but capped at $500.00.

To the extent applicable, the parties stipulate that paragraph #3 of the Mandatory Conditions of supervised probation shall be suspended. Substance abuse testing shall be in the discretion of the Probation Officer. Additionally, to the extent applicable, the parties stipulate that Standard Condition #10 shall be suspended.

1

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentences are accepted by the Court, the United States Attorney's Office agrees that it will: (1) dismiss Citations 9574552, 9574553, 9574554, & 9574555 (A180) with prejudice; (2) not file any additional charges pertaining to the facts set forth in the probable cause statements for the above-referenced citations; and (3) not refer the matters to the state or local authorities for prosecution. Nothing in this agreement prohibits the United States from providing any information to any state or local entities if so requested.

**ELEMENTS OF OFFENSE(S):** On or about September 22, 2019, within the Lake Mead National Recreation Area, in the District of Arizona:

> **Reckless Driving:** The defendant did operate and drive a motor vehicle in reckless disregard for the safety of persons or property. 36 C.F.R. § 4.2(b) and A.R.S. § 28-693(A).

> **Failure to Wear a Seatbelt:** The defendant did operate or drive a motor vehicle in a park area without having the safety belt system properly fastened at all times when the vehicle was in motion. 36 C.F.R. § 4.15(a).

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on or about September 22, 2019, within the Lake Mead National Recreation Area, in Mohave County, in the District of Arizona, specifically along the Willow Beach Access Road, I was driving a motor vehicle. I admit that I drank alcoholic beverages earlier in the day, and that I had drank enough liquor so that I should not be driving.

> I admit that while traveling through the Willow Beach parking area, I was not wearing a seat belt at that time. Additionally, while traveling along the Willow Beach Access Road, my vehicle drifted to the right causing the tires on the right side of my vehicle and trailer to leave the roadway. I was pulled over my NPS rangers and performed field sobriety tests. I admit that I did poorly on those tests. I admit that I had drank enough alcohol that my driving was reckless under the conditions, and that I

was a danger to others and myself while I was driving in a park area.

I hereby plead guilty to the charges set forth above in this plea agreement.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Bradley Edward Summers**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my

conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties has been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

//////

**I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.**

_/s/ Sum_  
Bradley Edward Summers  
Defendant

3-3-2020  
Date

_/s/_  
Virginia Crews, Esq.  
Attorney for the Defendant

3.3.2020  
Date

_/s/_  
Paul V. Stearns  
Assistant United States Attorney

3/3/2020  
Date

_/s/_  
Camille D. Bibles  
U.S. Magistrate Judge

03.03.2020  
Date

✓ ACCEPTED   ____ REJECTED

5